UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Brian E. Hancock, | ) Civil C/A No. 4:16-427-BHH-TER |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) Report and Recommendation |
| vs. | ) |
| | ) |
| Larry Brown, Chief of Police; | ) |
| Captain Bobby Melton; | ) |
| Unnamed Magistrate Judge, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

Plaintiff, a former pretrial detainee, proceeding *pro se* and *in forma pauperis*, commenced this action pursuant to 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(b)(1), and Local Civil Rule 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court.

In the Complaint, Plaintiff alleges violations of his constitutional rights in connection with his arrest and detention for charges that he contends were later dismissed. Plaintiff also complains about the actions of an Unnamed Magistrate Judge who Plaintiff contends improperly issued an arrest warrant and set an unreasonably high bond. Plaintiff seeks monetary damages.

The Complaint was filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 07)(per curiam). When a federal court is

1

evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). In the instant action, even under this less stringent standard, the complaint is subject to **partial** summary dismissal as to the Unnamed Magistrate Judge. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs*., 901 F.2d 387, 390–91 (4th Cir. 1990).

To the extent that Plaintiff seeks damages from the Unnamed Magistrate Judge based on her issuance of the arrest warrant and setting bail, his suit is barred by the doctrine of judicial immunity. The Fourth Circuit previously addressed the doctrine of absolute judicial immunity as follows:

> The absolute immunity from suit for alleged deprivation of rights enjoyed by judges is matchless in its protection of judicial power. It shields judges even against allegations of malice or corruption . . . . The rule is tolerated, not because corrupt or malicious judges should be immune from suit, but only because it is recognized that judicial officers in whom discretion is entrusted must be able to exercise discretion vigorously and effectively, without apprehension that they will be subjected to burdensome and vexatious litigation.

*McCray v. Maryland*, 456 F.2d 1, 3 (4th Cir.1972) (citations omitted), overruled on other grounds, *Pink v. Lester*, 52 F.3d 73, 77 (4th Cir.1995).

The doctrine of absolute immunity for acts taken by a judge in connection with his or her judicial authority and responsibility is well-established and widely-recognized. *See Mireles v. Waco*, 502 U.S. 9, 12, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991) (judges are immune from civil suit for actions taken in their judicial capacity, unless "taken in the complete absence of all jurisdiction"); *Stump v. Sparkman*, 435 U.S. 349, 359, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978) ("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors"). As such, any action taken by the Unnamed Magistrate Judge in Plaintiff's

case was part of the Unnamed Magistrate Judge's judicial functions as a member of the State of South Carolina's judiciary.

Therefore, it is recommended that the District Court summarily dismiss the Unnamed Magistrate Judge without prejudice and without service of process. The Plaintiff's attention is directed to the Notice on the next page.

 s/Thomas E. Rogers, III             
Thomas E. Rogers, III,
United States Magistrate Judge

May 31, 2016
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk of Court
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).