IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Brian E. Hancock, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 4:16-427-BHH-TER |
| v. ) | |
| ) | |
| Larry Brown, Chief of Police; ) | **ORDER** |
| Captain Bobby Melton; and ) | |
| Unnamed Magistrate Judge, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the Court upon Plaintiff Brian E. Hancock's pro se complaint, filed pursuant to 42 U.S.C. § 1983. In accordance with Local Civil Rule 73.2(B)(2)(d) (D.S.C.) and 28 U.S.C. § 636(b)(1)(A), the matter was referred to a United States Magistrate Judge for preliminary determinations. On May 31, 2016, Magistrate Judge Thomas E. Rogers, III, issued a report and recommendation ("Report") outlining Plaintiff's complaint and recommending that the Court summarily dismiss Defendant "Unnamed Magistrate Judge" without prejudice and without issuance and service of process.

In his Report, the Magistrate Judge determined that to the extent Plaintiff seeks damages from "Unnamed Magistrate Judge" based on the issuance of an arrest warrant and setting of bond, the doctrine of judicial immunity bars Plaintiff's claims.

On June 10, 2016, Plaintiff filed written objections to the Magistrate Judge's Report. In his objections, however, Plaintiff simply rehashes his claim that "Unnamed Magistrate Judge" violated his rights when she issued an arrest warrant and set Plaintiff's bond. Importantly, nowhere in his objections does Plaintiff respond to the Magistrate Judge's

determination that the doctrine of judicial immunity bars his claims against "Unnamed Magistrate Judge." In addition, nowhere in his objections does Plaintiff point to any factual or legal error in the Report.

This Court is charged with conducting a de novo review of any portion of the Report to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in the Report. 28 U.S.C. § 636(b)(1). Any written objection must specifically identify the portion of the Report to which the objection is made and the basis for the objection. *Id.*

Here, after review, the Court finds that the Magistrate Judge correctly summarized the facts and applied the appropriate legal standards, and the Court finds Plaintiff's objections to be without merit. As the Magistrate Judge noted, Plaintiff's claims against "Unnamed Magistrate Judge" relate to actions taken within her jurisdiction and in connection with her judicial capacity, and thus she is entitled to absolute judicial immunity. *See Stump v. Sparkman*, 435 U.S. 349, 359 (1978) ("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors."); *Pierson v. Ray*, 386 U.S. 547, 554 (1967) (noting that judicial immunity applies even when a judge is accused of acting maliciously and corruptly).

Accordingly, it is hereby **ORDERED** that the Magistrate Judge's Report (ECF No. 44) is adopted; Plaintiff's objections (ECF No. 52) are overruled; and Defendant "Unnamed Magistrate Judge" is summarily dismissed from this action without prejudice and without issuance and service of process.

**AND IT IS SO ORDERED.**

s/Bruce Howe Hendricks<br>United States District Judge

October 12, 2016
Charleston, South Carolina

3